## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Jorge Diaz, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4471 |
| | ) | |
| v. | ) | |
| | ) | |
| B.L. Downey Company, LLC and Ron | ) | |
| Greene, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, JORGE DIAZ, by counsel, alleges as follows:

### Federal Jurisdiction and Venue

1.       This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), codified at 29 U.S.C. § 201 et. seq., as amended. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

2.       Plaintiff also brings state law claims under the Illinois Minimum Wage Law, codified at 820 ILCS 105, and the Illinois common law tort of retaliatory discharge.

3.       This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the federal FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.       The events giving rise to this lawsuit arose in this District, namely in Broadview, Illinois.

1

### Parties

5.     B.L. Downey Company, LLC is a Delaware limited liability company.

6.     B.L. Downey's principal office is 2125 Gardner Rd., in Broadview, Illinois.

7.     Plaintiff Jorge Diaz worked for B.L. Downey from May 1, 2017 through April 13, 2018.

8.     Diaz was a Maintenance Technician.

9.     Ron Greene was General Manager of B.L. Downey's Broadview location where Diaz worked.

10.     Greene is an "employer" under the FLSA and Illinois Minimum Wage Law because in his role as General Manager, he not only had day-to-day control over many of the company's operations, but he also had direct supervision over Jorge Diaz. He knew the hours Diaz was working, knew he was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

### Count I: FLSA Non-Payment of Overtime Against both Defendants

11.     Plaintiff re-alleges paragraphs 1-10 as if fully stated here.

12.     Under FLSA, 29 U.S.C. § 207, an employer must pay any employee who works more than 40 hours in a week at a rate of at least 1.5 times the employee's regular rate of pay for each hour over 40 worked.

13.     Throughout his employment, Diaz always worked more than 40 hours per week.

14.     However, Diaz was not compensated at a rate of 1.5 times his regular rate of pay for any of his hours worked over 40.

15.     Diaz was paid on a salary basis.

2

16.    Defendants had no right under the FLSA to pay Diaz on a salaried basis.

17.    In so paying Diaz, Defendants violated the FLSA, Sections 207(a)(1) and 215(a)(2).

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Diaz be awarded all remedies to which he is entitled under the law, including:

    a.   unpaid overtime compensation;

    b.   an additional equal amount as liquidated damages;

    c.   attorney's fees; and

    d.   costs.

### COUNT II: Illinois Minimum Wage Law violation against Both Defendants (supplemental IL statutory claim)

18.    Plaintiff re-alleges paragraphs 1-10 as if fully stated here.

19.    Under the IMWL, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed.

20.    Throughout his employment, Diaz always worked more than 40 hours per week.

21.    However, Diaz was not compensated at a rate of 1 ½ times his regular hourly rate for any of his hours worked over 40.

22.    Diaz was paid on a salary basis.

23.    Defendants had no right to pay Diaz on a salaried basis.

24.    In so paying Diaz, Defendants violated the Illinois Minimum Wage Law, 820 ILCS 105.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Diaz be awarded all remedies to which he is entitled under the law, including:

    a.   the amount he was underpaid;

    b.   damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    c.   reasonable attorney's fees; and

    d.   costs.

### Count III: Retaliatory Discharge (Illinois Common Law) against B.L. Downey

25.    Plaintiff re-alleges paragraphs 1-9 as if alleged here.

26.    Diaz was injured in the course and scope of his employment on February 28, 2018.

27.    On March 20, 2018, his worker's compensation attorney filed an application for benefits at the Illinois Workers' Compensation Commission.

28.    On April 13, 2018, B.L. Downey terminated him.

29.    B.L. Downey fired him because he had sought benefits to which he was entitled under the Illinois Workers' Compensation Act.

30.    This termination violates Illinois public policy.

31.    Diaz has been harmed by Defendant's violation of state law: he has lost wages and benefits, lost earning power, and suffered emotional distress.

32.    Diaz requests punitive damages to punish Defendant and to prevent it and other companies from engaging in similar discriminatory conduct in the future.

Wherefore, Plaintiff JORGE DIAZ requests that Defendant B.L. Downey Company, LLC be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including:

      a.   back pay and benefits;

      b.   compensatory damages, including for emotional distress;

      c.   punitive damages;

      d.   prejudgment interest; and

      e.   court costs.

## **Jury Demand**

33.     Plaintiff demands trial by jury.

DATE: 6/27/18                                       BY: _____/s/ Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com